DANIEL SCHRUMPF, PLAINTIFF IN ERROR, *v.* THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*Indictment—defects in after judgment—how considered.*

The plaintiff in error was convicted of keeping and exposing for sale impure and unwholesome milk. The indictment commenced in the usual manner, and was in all respects regular to the first count, which was preceded by the words, "It was then and there presented as follows, that is to say, city and county of New York, ss : The jurors of the people of the State of New York, in and for the body of the city and county of New York, upon their oath present." Then followed the first count and then the second, which latter count was not directly preceded by any words showing it had been presented by the grand jury. Upon a writ of error to review the conviction, this omission was claimed to be a fatal defect.

*Held,* that as the indictment had not been demurred to nor any motion made to vacate it, and as the defect was not pointed out until after judgment, and as the omission was in no degree prejudicial to the prisoner, that the objection should be overruled.

The count alleged that the prisoner unlawfully held, kept, and offered for sale, the impure milk "against and in violation of the provisions of the sanitary Code."

*Held,* that it was not necessary to set out the particular ordinance alleged to have been violated, especially as the objection was not taken until after judgment.

WRIT of error to the court of General Sessions of the city and county of New York, to review the conviction of the plaintiff in error, of the offense of keeping and offering for sale, at his store in the city and county of New York, impure and unwholesome milk.

*Frank R. Lawrence & L. C. Waehner*, for plaintiff in error. The first count in the indictment was for a separate and distinct offence, for which a specific penalty is provided by statute. (Chap. 544, Laws of 1864.) The "Second count" was for an alleged violation of the Sanitary Code, the punishment for which is also specially provided for. (See Laws of 1873, § 82, City Charter.) It is elementary that an indictment must show that it was found by the jurors upon their oaths. (Bishop Cr. Pro., Vol. 1, § 131.) Therefore it is necessary that the "Second count" should have been preceded by appropriate language, showing it to be a further and separate finding by the grand jury upon their oaths. (2 Colby, page 116, 117; Bishop Cr. Pro., Vol. 1, § 426, 429; 26 Maine, 374; Stark Cr., page 272; 8 How. [Miss.], 250; 2 Cran. C. C., 630; Holt, 687; 4 St. Tri., 686; 6 St. Tri. App., 56; Chitty Cr. Law, 5 Am. Ed., Vol. 1, page 202.) This defect is not cured by the statute of jeofails. (*People* v. *Campbell*, 4 Park, 386.) In pleading an act, in violation of a by-law or ordinance whereof the court cannot take judicial cognizance, it is necessary that the by-law or ordinance should be set forth, so as to enable the court to see whether the acts charged are contrary to its provisions. (*Kneib* v. *The People*, 6 Hun, 238; Dillon on Munic. Corp., § 265, and cases cited; *Harper* v. *The Mayor*, 17 Wend., 199; *Reed* v. *The People*, 1 Park. Cr. R., 481; *Feltmaker* v. *Davis*, 1 B. 4 P., 98; 40 Vt., 450; 3 Pick., 462; 1 Doug., 149; 47 Maine, 481; 1 Paley, page 522; *Lynch* v. *The People*, Gen. Term, 1st Dept., May, 1877.)

*William P. Prentice*, for defendant in error.

Ingalls, J:

No question is here presented in regard to the sufficiency of the evidence to sustain the conviction, nor is this court called upon to review any of the rulings made on the trial. The questions raised relate exclusively to the sufficiency of the indictment, and are raised for the first time after the trial and conviction. The plaintiff in error was indicted, tried and convicted in the court of General Sessions of the peace, held in and for the county of New York, for keeping and offering for sale at his store in the city and county of New York, *impure and unwhole-*

*some milk.* The indictment contained two counts. Upon the first an acquittal was directed by the court. The prisoner was convicted under the second count, which is as follows:

"Second Count—That Daniel Schrumpf, late of the seventeenth ward of the city of New York aforesaid, on the     day of August, in the year of our Lord one thousand eight and seventy-six, at the ward, city, and county aforesaid, at the store and place of business of the said Daniel Schrumpf, being premises known as number 206 Avenue B, in the ward, city, and county aforesaid, and the said premises being then and there a place where milk was kept for sale, unlawfully did then and there keep, have and offer for sale ten quarts of impure and unwholesome milk which had been, and was then and there watered, adulterated, reduced and changed by the addition of water or other substance, and that such impure, unwholesome, watered, adulterated, reduced, and changed milk was then and there, by the said Daniel Schrumpf, unlawfully held, kept and offered for sale against and in violation of the provisions of the sanitary code, and of such sanitary code then and there, and at all times thereafter in force and operation, *and against the form of the statute in such case made and provided,* and against the peace of the people of the state of New York and their dignity."

It is contended by the counsel for the plaintiff in error, that this count of the indictment is fatally defective in not containing words showing that it was presented by the grand jury. There is no pretense, but that the indictment is formal and sufficient in all respects until we reach the statement of the offense in the first count thereof.

The first count is immediately preceded by these words:

"*It was then and there presented as follows,* that is to say, city and county of New York, ss: The jurors of the people of the State of New York, in and for the body of the city and county of New York, upon their oath present." Then follows a statement of the offence in the first count, which is followed by the second count, in the form given above. We are of the opinion, that by relation to the statement which precedes the first count, which is given above and is very general, the second count is rendered substantially good and formal. This indictment is not assailed by demurrer or motion to quash. But after judgment, when every

intendment possible is to be indulged in support thereof, we are now to deal with matters of substance, not form. (*Dawson* v. *The People*, 25 N. Y., 400; *The People* v. *Bennett*, 37 N. Y., 117; *Wagner* v. *The People*, 2 Keyes, 684; *The People* v. *Graves*, 5 Park., 134.) These cases show very clearly how defects of this nature are regarded by the courts.

The Revised Statutes, vol. 2, page 728, § 52, provides as follows: "No indictment shall be deemed invalid. * * * By reason of any other defect or imperfection in matters of form which shall not tend to the prejudice of the defendant."

It can not be pretended that the omission complained of in this case tended in any degree to the actual prejudice of the prisoner, the absence of such formal statement did not render the allegation of the offence less certain or more difficult to be comprehended. (*The People* v. *Graves, supra; Goodrich* v. *The People*, 19 N. Y., 574.) It is further objected that this count of the indictment is also defective in not setting out the ordinance claimed to have been violated; we do not deem this objection sound.

The reference to the sanitary code was sufficient to render such count sufficient, at least so far as matter of substance was concerned. (*The People* v. *McCann*, 67 N. Y., 507; *Nellis* v. *N. Y. C. R. R. Co.*, 30 N. Y., 505; *Polinsky* v. *The People*, 11 Hun, 390; *The People ex rel. Cox*, v. *Special Sessions*, 7 Hun, 214.)

The laws of 1873, chap. 335, § 82, recognizes by name the "sanitary code," and declares that any violation thereof shall be treated and punished as a misdemeanor. Again, § 721 of the Code of Civil Procedure is sufficiently broad to embrace and cure almost every conceivable defect in process or pleading after verdict and judgment.

We conclude that the conviction must be sustained.

Davis, P. J.:

Assuming that the proper proof was made on the trial in relation to the existence and proper enactment and publication of the sanitary code, as it is our duty to do, I concur with my brother Ingalls in affirming the conviction.

Brady, J., concurred.

Judgment affirmed.